J-S26040-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORY DEAN LOUGHMAN | : | |
| | : | |
| Appellant | : | No. 1858 WDA 2019 |

Appeal from the Judgment of Sentence Entered November 4, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000795-2019

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                FILED SEPTEMBER 03, 2020

This case returns to us following a remand for Jory Dean Loughman's (Loughman) appellate counsel to file either a merits brief or an application to withdraw pursuant to Anders/Santiago[1] and compliant brief and to properly advise Loughman of his rights following her application to withdraw. Loughman's appellate counsel has again filed an application to withdraw under Anders/Santiago.  We affirm the judgment of sentence and grant the application to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Anders v. California, 386 U.S. 738 (1967), and Commonwealth v. Santiago, 978 A.2d 349 (Pa. 2009).

Loughman appeals from the judgment of sentence entered in the Court of Common Pleas of Mercer County (trial court) following his negotiated guilty plea to two counts of kidnapping and one count of robbery.[2]  We previously set forth the facts and procedural history of this case as follows:

> [Loughman] struck one or two individuals on the evening in question.  He then confined each of the two aforementioned individuals for a substantial period of time.  He took the victims' valuables, including jewelry, away from them.  He blindfolded the victims.  [Loughman] duck [sic] taped their wrists.  The victims remained that way for a substantial period of time.  The victims were restrained in [Loughman's] kitchen for multiple hours.  [Loughman] then removed the two (2) individuals and took them with him in a vehicle.  [Loughman] removed one of the victim's cell phones and discarded it out the window while the vehicle was moving.  [Loughman] left the victims in the vehicle and left them alone.  At the time [Loughman] left the victims they were still restrained in the back seat.
>
> Trial Court Opinion, 2/3/20, at 5 (citations omitted).  Following these events, Loughman was charged with 27 offenses, including multiple counts kidnapping and robbery.
>
> On September 9, 2019, Loughman entered into a negotiated plea agreement in which he pled guilty to two counts of kidnapping and one count of robbery, all first-degree felonies.  The Commonwealth withdrew the remaining charges.  Loughman and the Commonwealth agreed to a sentence of 5 to 10 years' incarceration on each count of kidnapping and 5 years of probation on the count of robbery.  Each sentence was to be imposed consecutively for an aggregate sentence of 10 to 20 years of incarceration followed by 5 years of probation.
>
> Following a pre-sentence investigation and report, the trial court sentenced Loughman in accordance with the agreement on November 4, 2019.  On that same day, Loughman made an oral motion to withdraw his guilty plea, which the trial court denied.  Loughman filed a timely post-sentence motion seeking to modify

_____

[2] 18 Pa.C.S. § 2901(a)(3) & 3701(a)(1)(ii).

the sentence, which the trial court denied. Loughman filed a timely notice of appeal and Pa.R.A.P. 1925(b) statement raising challenges to the discretionary aspects of his sentence. However, approximately one month later, his counsel filed an Amended Statement Pursuant to Pa.R.A.P. 1925(c)(4) notifying the trial court that she intended to file an Anders brief on appeal. The trial court subsequently filed a Pa.R.A.P. 1925(a) opinion addressing the substantive issues raised in Loughman's initial Pa.R.A.P. 1925(b) statement.

Commonwealth v. Loughman, 1858 WDA 2019, at *1-3 (Pa. Super. June 18, 2020) (unpublished memorandum). Following our remand, appellate counsel has filed an application to withdraw and accompanying Anders brief.

"When presented with an Anders brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." Commonwealth v. Martuscelli, 54 A.3d 940, 947 (Pa. Super. 2013). Procedurally, counsel must: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. See Commonwealth v. Cartrette, 83 A.3d 1030, 1032 (Pa. Super. 2013).

Counsel has complied with these procedural mandates. The application indicates that counsel reviewed the entire record and concluded that the instant appeal is wholly frivolous. The application states that a copy of the Anders brief was sent to Loughman with a letter informing him that he has

the right to hire private counsel or file a pro se brief, and a copy of the letter was attached to the application. See Commonwealth v. Woods, 939 A.2d 896, 900 (Pa. Super. 2007) (noting this court's precedents requiring that counsel attach to their withdrawal petition a copy of the letter sent to the client). Loughman has not filed a response to counsel's application and Anders brief.

We now examine the substantive elements of the Anders brief. The brief accompanying the petition to withdraw must: (1) provide a summary of the procedural history and facts with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. See Santiago, 978 A.2d at 361. Counsel's Anders brief summarizes the factual and procedural history and identifies one potential issue. It cites to parts of the record that tend to support the claim and outlines the legal analysis that led counsel to conclude that any appeal would be frivolous. Because counsel has complied with the procedural and substantive requirements of Anders/Santiago, we now "make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." Santiago, 978 A.2d at 355 n.5.

The Anders brief identifies one issue arguably supporting an appeal: a challenge to the discretionary aspects of Loughman's sentence. We agree

with counsel that this claim is frivolous. Loughman entered a negotiated guilty plea in which he agreed to plead guilty to two counts of kidnapping and one count of robbery. In exchange, the Commonwealth withdrew the remaining charges and agreed to an aggregate sentence of 10 to 20 years of incarceration followed by 5 years of probation. Following the guilty plea hearing and colloquy and a presentence investigation report, the trial court imposed the agreed-upon sentence. A defendant who pleads guilty and receives a negotiated sentence waives all challenges to the discretionary aspects of that sentence. Commonwealth v. Reid, 117 A.3d 777, 784 (Pa. Super. 2015). Thus, this claim is frivolous.

Moreover, after independently reviewing the record, we conclude that there are no additional non-frivolous issues that may support the appeal. See Commonwealth v. Yorgey, 188 A.3d 1190, 1197 (Pa. Super. 2018) (en banc) (holding that the Anders procedure requires this court to first review the issues raised by counsel and then review the entire record "to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated"). "A plea of guilty forecloses challenges to all matters except the voluntariness of the plea, the jurisdiction of the court, or the legality of the sentence." Commonwealth v. Stewart, 867 A.2d 589, 591 (Pa. Super. 2005).

While the trial court denied Loughman's oral motion to withdraw his plea before sentencing, the motion was based on a bare assertion that he was not

"fairly represented." Notes of Testimony, 11/4/19, at unnumbered page 15. If Loughman wishes to challenge plea counsel's stewardship, such a claim must be brought in a petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541 et seq., and is not cognizable on direct appeal. See Commonwealth v. Holmes, 79 A.3d 562, 576 (Pa. 2013) (holding that ineffective assistance of counsel claims should generally be deferred to collateral review). Loughman set forth no additional argument to support his motion to withdraw his plea before sentencing. Commonwealth v. Carrasquillo, 115 A.3d 1284, 1292 (Pa. 2015) (holding that a presentence motion to withdraw guilty plea should be granted when the defendant offers a "fair and just" reason for withdrawal and the Commonwealth will not suffer prejudice). In absence of a fair and just reason to grant withdrawal, the trial court did not abuse its discretion in denying the motion, and we discern no other non-frivolous issues that may arguably support the appeal.

Judgment of sentence affirmed. Amended Application to Withdraw Appearance granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/03/2020

- 6 -